64 So.2d 841 (1953)
223 La. 54
KING
v.
MORESI.
No. 38820.
Supreme Court of Louisiana.
March 23, 1953.
Rehearing Denied April 27, 1953.
*842 W. M. Phillips, Frank S. Kennedy and Thomas B. Wilson, Shreveport, for plaintiff-appellant.
Wallace & Stinson, Benton, for defendant-appellee.
PONDER, Justice.
The plaintiff brought suit against the defendant seeking to have a tax sale decreed null and void. A plea of peremption of five years was interposed by the defendant which was sustained by the lower court and the plaintiff's suit was dismissed. The plaintiff has appealed.
The plaintiff alleged in his petition that Mrs. J. M. Nattin, wife of J. Hall Nattin, Sheriff of Bossier Parish, purchased at tax sale the N½ of the NW¼ of Section 15, T. 23 N, R. 13 W. situated in Bossier Parish for the unpaid taxes for the year 1929 by instrument recorded in Volume 100 at page 564 of the Conveyance Records of Bossier Parish; that the tax sale is null and void; that Mrs. Nattin purchased the property for the benefit of the community existing between her and her husband as is shown by her succession proceedings and that of her husband wherein the property was listed as community property; that the defendant is the sole heir of Mr. and Mrs. Nattin and was sent into possession of the succession by judgment of court; that under the laws of Louisiana, and particularly Act No. 94 of 1902, it was unlawful for Nattin, the sheriff, to purchase the property in his wife's name; that the defendant has leased the said property; that the petitioner owes the defendant the amount of taxes she has paid on the property and that the petitioner is entitled to an accounting for all sums received by defendant as fruits and revenues from said property. The plea of peremption filed by the defendant was disposed of on the face of the petition.
The appellant contends that the purported tax sale was null and void ab initio and is therefore not susceptible to peremption. In support of his contention he cites Act No. 94 of 1902, now R.S. 47:2194, which reads as follows:
"It is unlawful for any sheriff, tax collector or their deputies or any other officer, state, municipal or parochial, whose duties are to assess or collect taxes of any nature whatsoever for the state, parish or municipality, to buy either directly or indirectly, any property, movable or immovable, sold or offered for sale, for taxes; any sale of such property to such an officer shall be null and void."
The plea of peremption is based on Section 11 of Article 10 of the Constitution of Louisiana of 1921, as amended, which reads as follows:
"No sale of property for taxes shall be set aside for any cause except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given."
This constitutional peremption applies to all tax sales except those specifically excepted therein and those where the tax debtor remains in corporeal possession of the premises. The language used is very broad. This constitutional provision announces the public policy of this State to set at rest tax titles once and for all.
In the case of Close v. Rowan, 171 La. 263, 130 So. 350, this court sustained a plea of peremption to a tax sale to a deputy assessor made in prohibition of Act No. 94 of 1902 wherein it was pointed out that the tax sale did not come within the exceptions established by the Constitutions of 1898, 1913 and 1921. The holding in that case is decisive of the issues herein presented. The authorities cited by the appellant refer to judicial sales made in violation of a prohibitory law. These authorities are not pertinent because there is no *843 provision in the constitution perempting them.
For the reasons assigned, the judgment is affirmed at appellant's cost.
LE BLANC, J., recused.
MOISE, Justice (dissenting).
Two negatives can never make an affirmative. The State, in the exercise of its police power, sought to regulate the conduct of a Parish policemanthe sheriffon a subject of general public welfare and for the promotion of good morals, when it enacted Act No. 94 of 1902, which prohibits Parish policemen and their aides from purchasing property at tax sales, and that when so purchasing the prohibited sale is null and void. In the instant case, it is an admitted fact that the statute was violated by the sheriff. The Constitution of 1921Article 19, Section 18is a commandment issued to this Court by the State, that the "exercise of the police power of the State shall never be abridged." In the instant case, the Court declared that Act No. 94 of 1902 was inoperative and repealed, insofar as the prohibitions imposed on the sheriff by the legislature were concerned. There are two negative predicates. The first is "Thou shalt not purchase"; the second is "Thou shalt not abridge the police power". By this decision, in effect, the court rules we have an affirmative. The decision was based on Article 10, Sec. 11 of the Constitution of 1921, which Article of the Constitution does not have the remotest connection with the duty of public officers nor the exercise of police powers by the State. This statute has as its object the curtailment of the unlimited power of the sheriff who could so easily commit fraud. The Legislature felt that it did not have confidence in all Parish policemen and sought to bind them down from mischief by the chains of the police regulatory law.
Act No. 94 of 1902 prohibits purchases by sheriffs and makes such purchases null and void ab initio. The constiutional peremption deals with not prohibited purchases at tax sale, but permissive ones, and grants certain peremptions in law. The one is a statute of repose for purchases in good faith and good morals, the other is a prohibition on Parish policemen, to prevent fraud.
The Court relies on the case of Close v. Rowan, 171 La. 263, 130 So. 350, as an authority for the decision here. It must be observed that the court in the Close-Rowan case and the Court in the instant case both overlooked the first ruling in Pitre v. Haas, 110 La. 163, 34 So. 361, 367. In the Pitre case the court specifically held that the constitutional provisions cannot be invoked by the particular person (sheriff) because he has precluded himself from doing so by his own conduct.
The maxim of law as old as Justinian "Quod ab initio non valet in tractu temporis non convalesait"That which was originally void does not by lapse of time become valid. A dead thing is dead. There can be no resurrection.
Our Code speaks prophetically on the subjectArt. 12, LSA-C.C. "Whatever is done in contravention of a prohibitory law, is void, although the nullity be not formally directed."
Article 1892, LSA-C.C., provides: "That is considered as morally impossible, which is forbidden by law, or contrary to morals. All contracts having such an object are void."
It is true that the Pitre v. Haas case, supra, is an old one [the first construction] but the principle application of the constitutional provision of that day and this day are similar as to peremption. The first decision held:
"Should, however, a person connected with the tax collector's or assessor's office make use of the opportunities which such a situation would afford him to obtain advantages which work in his own favor and to the injury of others, he must not expect to obtain the assistance of courts in working out his purposes."
The Pitre case further held:
"We think, in view of the situation disclosed in this record, that the passage of Act No. 94, p. 149, of 1902, *844 prohibiting in the future any sheriff, tax collector, or their deputies, or any other officer, state, municipal, or parochial, whose duties are to assess or collect taxes, from buying, either directly or indirectly, any property sold or offered for sale for taxes, and making any sale to such officer null and void, is a salutary one."
Anyhow, I believe that when the rules of morality have been duly tested by experience and have been found to be inconsistent with the sense of justice and the general public welfare that there should be less hesitation and frank avowal and full abandonment of the Rowan case.
I respectfully dissent.

On Motion for Rehearing
Rehearing denied.
MOISE, Justice (dissenting).
I respectfully dissent because:
A constitutional peremption is used as another elusive term to abridge the police power of the State to enact police regulations free of constitutional restraint.